IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| FRANCIS GRANDINETTI, #A0185087, <br><br>Petitioner/Plaintiff, <br>    vs. <br><br>GOVERNOR NEIL ABERCROMBIE, et al., <br><br>    Respondents/Defendants. | CIV. NO. 15-00006 DKW/RLP <br><br> DISMISSAL ORDER |

## **DISMISSAL ORDER**

Before the court is Francis Grandinetti's pleading, labeled "Federal Habeas Corpus Petition, with PLRA 28 U.S.C. § 1915(g) Claims, Class-Action Case, Rule 23, 28 U.S.C. § 1407 M.D.L." Pet., Doc. No. 1. The jurisdictional basis for this pleading is therefore unclear. Grandinetti has not submitted the civil filing fee (for either a habeas action or a civil rights action), or an *in forma pauperis* ("IFP") application. Grandinetti's pleading and this action are DISMISSED without prejudice.

# I. 28 U.S.C. § 2254

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts ("Habeas Rules") requires the court to make a preliminary review of each petition for writ of habeas corpus. The court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Habeas Rule 4; *O'Bremski v. Maass*, 915 F.2d 418, 420 (9th Cir. 1990); *see also Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990).

To the extent Grandinetti asserts habeas claims alleging that he has been illegally "exiled" due to his incarceration and subsequent transfer to the Mainland in or about 1995, his Petition is DISMISSED. Grandinetti unsuccessfully challenged his 1993 arrest and 1994 conviction and sentence in *Grandinetti v. State of Hawaii*, Civ. No. 05-00254 DAE, making these claims second or successive. *Id.* (dismissing habeas petition with prejudice as time-barred). Because only an appellate court can authorize this court to consider a second or successive petition for writ of habeas corpus, this court lacks jurisdiction to consider Grandinetti's habeas claims. *See Burton v. Stewart*, 549 U.S. 147, 152 (2007); *see also*, 28 U.S.C. § 2254(b)(3)(A).

## II. 42 U.S.C. § 1983

To the extent Grandinetti asserts a cause of action under 42 U.S.C. § 1983, challenging his transfer, or "exile," to the Mainland, that claim also fails. First, it appears that Grandinetti labeled this pleading as seeking habeas relief in part to avoid the penalties imposed on his filings by § 1915(g). *See Andrews v. King*, 398 F.3d 1113, 1122-23, n.12 (9th Cir. 2005) (recognizing that some habeas petitions are civil rights actions mislabeled as habeas petitions to avoid § 1915(g)'s penalties). Grandinetti has accrued three strikes pursuant to 28 U.S.C. § 1915(g).[1] He may not bring a civil action without complete prepayment of the filing fee, unless he plausibly alleges that he was in imminent danger of serious physical injury at the time he filed his pleading. *See id.*; *Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007). Although Grandinetti claims that he has been handcuffed 10,000 times, and subjected to "poison-gas, mace, riots, toilet bombs, MH-AD Seg, or Mental-Ward custody," since his transfer to the Mainland in prisons in Arizona, Oklahoma, Mississippi, Tennessee, Texas, and Minnesota, these statements are too broad and generic to plausibly allege that Grandinetti was in imminent danger of serious physical injury due to his transfer to the Mainland when he commenced this action.

---

[1] Grandinetti has accrued three strikes under 28 U.S.C. § 1915(g), and has been notified of these strikes numerous times. *See, e.g.*, *Grandinetti v. FDC Seg. Unit Staff*, 420 Fed. Appx. 576 (9th Cir. 2011); *Grandinetti v. Shimoda*, Civ. No. 05–00442 JMS; *Grandinetti v. Stampfle*, Civ. No. 05–00692 HG.

Second, Grandinetti's claim regarding his exile to the Mainland fails to state a claim under § 1983. It is black letter law that a prisoner has no constitutional right to incarceration in a particular institution, housing unit, or state. *Meachum v. Fano*, 427 U.S. 215, 224-28 (1976). Moreover, an interstate prison transfer does not deprive an inmate of any liberty interest protected by the Due Process Clause. *Olim v. Wakinekona*, 461 U.S. 238, 248 (1983); *see also Rizzo v. Dawson*, 778 F.2d 527, 530 (9th Cir. 1985) ("An inmate's liberty interests are sufficiently extinguished by his conviction so that the state may change his place of confinement even though the degree of confinement may be different and prison life may be more disagreeable in one institution than in another.").

To the extent Grandinetti claims his transfer to the Mainland constituted "cruel and unusual punishment," or violated his right to equal protection, he also fails to state a claim. He provides no facts showing that any named Defendant acted with deliberate indifference to his health or safety or treated him differently than other similarly situated inmates by transferring him to the Mainland in 1995. *See Lopez v. Smith*, 203 F.3d 1122, 1132-33 (9th Cir. 2000) (setting forth legal standard for Eighth Amendment claim that prison official has deprived inmate of humane conditions of confinement); *Rizzo*, 778 F.2d at 530 ("Plaintiff's assertion that his transfer would violate his . . . equal protection rights has no basis in law.").

Grandinetti's pleading and this action are DISMISSED without prejudice. He may refile his civil rights claims in a new action with concurrent payment of the filing fee. He must seek certification from the Ninth Circuit Court of Appeals before proceeding in this court with his habeas claims.

IT IS SO ORDERED.

DATED: January 15, 2015, at Honolulu, Hawai'i.



Derrick K. Watson
United States District Judge

---

Francis Grandinetti v. Governor Abercrombie, et al.;
Civil No. 15-00006 DKW/RLP; DISMISSAL ORDER

*Grandinetti v. Abercrombie,* 1:13-00006 DKW/RLP; PSA Habeas 2015; J:\PSA Draft Ords\DKW\Grandinetti 15-06 dkw (2d or scsv or 1915(g) if civ. rts).wpd